IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TONY MCDANIEL, ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civ. No. 2:25-cv-02284-SHM-tmp |
| v. ) | |
| ) | |
| SHELBY COUNTY JAIL, ) | |
| ) | |
| Defendant. ) | |

**ORDER DIRECTING CLERK TO MODIFY DOCKET,
DISMISSING COMPLAINT WITHOUT PREJUDICE,
AND GRANTING LEAVE TO FILE AMENDED COMPLAINT**

On March 11, 2025, Plaintiff Tony McDaniel, inmate number 421143, who is presently confined at the Shelby County Jail (the "SCJ") in Memphis, Tennessee, filed a *pro se* civil complaint under 42 U.S.C. § 1983. (ECF No. 1.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (the "PLRA"), 28 U.S.C. § 1915, *et seq*. (ECF No. 6.)

For the reasons that follow, McDaniel's complaint is DISMISSED WITHOUT PREJUDICE. Leave to amend is GRANTED. The Clerk is DIRECTED to modify the docket to add Shelby County, Tennessee, as a Defendant and to remove the SCJ as a Defendant.

**I. BACKGROUND**

McDaniel alleges that from July 1, 2024 to July 14, 2024, while confined at the SCJ, he was forced to sleep on a metal bed without a "bed mat." (ECF No. 1 at PageID 5.) McDaniel alleges that the complained "everyday" about the lack of a bed mat. (*Id*.) McDaniel alleges that he filed two grievances about the SCJ's failure to provide a bed mat. (*Id*.) McDaniel alleges that

he suffered from "body aches" and "back pain" from sleeping on a metal bed. (*Id*.) The Court construes McDaniel's complaint to allege a claim of unconstitutional conditions of confinement.

McDaniel sues the SCJ as the sole defendant. (*Id*. at PageID 2.) McDaniel seeks $200,000 in damages for his "pain and suffering." (*Id*. at PageID 5.)

## II.    SCREENING THE COMPLAINT

### A. Legal Standard

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint—

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Applying those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). The Court does not assume that conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2)). It also requires factual allegations to

make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Id.* at 555 n.3 (quoting Fed. R. Civ. P. 8(a)(2)).

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

### B. Requirements to State a Claim Under § 1983

McDaniel sues under 42 U.S.C. § 1983. (ECF No. 1 at PageID 1.) To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

### III. ANALYSIS

McDaniel sues the SCJ as the sole Defendant. (ECF No. 1 at PageID 2.) "To state a claim under § 1983, the plaintiff . . . must show that the alleged violation was committed by a person acting under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (internal quotation marks and citation omitted). The SCJ is neither a "person" under § 1983 nor an entity capable of being sued under § 1983. *See Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691 (1978); *see also Marbry v. Corr. Med. Serv.*, No. 99-6706, 2000 WL 1720959, at *2 (6th Cir. Nov. 6, 2000) (noting that "the Shelby County Jail is not an entity subject to suit under § 1983"); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (recognizing that police department is not an entity

3

capable of being sued under § 1983); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (stating that sheriff's department "is not a legal entity subject to suit" under § 1983).

The Court construes McDaniel's claim against the SCJ as a claim against Shelby County, Tennessee, (the "County"). *See Matthews*, 35 F.3d at 1049. The County may be held liable only if McDaniel's injuries were sustained pursuant to an unconstitutional custom or policy of the County. *See Monell*, 436 U.S. at 691.

To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)).

McDaniel's complaint does not allege any deprivation of a constitutional right because of a policy or custom of the County. McDaniel's allegations are based on his particular experience at the SCJ. (*See* ECF No. 1 at PageID 5.) McDaniel does not state a claim to relief against the County because McDaniel fails to allege facts demonstrating any official policy or custom of the County, much less an unconstitutional policy that injured McDaniel.

McDaniel's § 1983 claim against the County is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief.

IV.   **AMENDMENT UNDER THE PLRA**

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013)). Leave to amend should

not be granted where a plaintiff cannot cure the deficiency in his complaint. *See Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("If it is crystal clear that . . . amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *see also Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts"). The Court GRANTS leave to amend within 21 days of the date of this Order, and under the guidelines set forth below.

An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of claims. If McDaniel decides to amend his claims, he shall: (1) comprehensively and particularly list, in ONE document, all defendants and all claims within this Court's jurisdiction; and (2) submit the amended complaint on the Court's official form: Complaint for Violation of Civil Rights Under 42 U.S.C. § 1983. (*See* https://www.tnwd.uscourts.gov/sites/tnwd/files/CivilRightsComplaint.pdf.)

An amended complaint supersedes the initial complaint and must be complete in itself without reference to the prior pleadings. McDaniel must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count. All claims alleged in the amended complaint must arise from the facts alleges in the complaint.

If McDaniel fails to file an amended complaint in a timely manner, the Court will dismiss the case and enter judgment. The Court recommends that any such dismissal of this case be treated as a strike pursuant to 28 U.S.C. § 1915(g). *See Simons v. Washington*, 996 F.3d 350, 353 (6th Cir. 2021). The "three strikes" provision of § 1915(g) prevents a court from granting *in forma*

*pauperis* status to a prisoner who "has, on 3 or more prior occasions, while incarcerated . . . brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

V.  **CONCLUSION**

For the reasons explained above:

A.  McDaniel's § 1983 claim against the County is DISMISSED WITHOUT PREJUDICE for failure to allege facts stating a claim to relief. *See* § 1915(e)(2)(B)(ii)-(iii) and 1915A(b)(1)-(2).

B.  Leave to amend the is GRANTED. McDaniel may amend his complaint within 21 days of the date of this Order, under the guidelines set forth *supra*.

C.  McDaniel is ORDERED to notify the Court immediately, in writing, of his current address, if he is transferred or released. If McDaniel fails to provide the Court with his current address or fails to follow any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

IT IS SO ORDERED, this *14th* day of May, 2025.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE